FILED
5/14/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KSR

1:24-cr-00244
Judge Robert W. Gettleman
Magistrate Judge Young B. Kim
RANDOM/CAT. 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. |
| GARY ROBERSON, also known as "Gotti," and<br>JOSEPH MATOS, also known as "Troubles" | Violations: Title 18, United States Code, Sections 1959(a)(1), 924(c)(1)(A), and 924(j)(1) |

**COUNT ONE**

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

At times material to this Indictment:

1. The defendants, GARY ROBERSON, also known as "Gotti," and JOSEPH MATOS, also known as "Troubles," and others known and unknown, were members and associates of the Milwaukee Kings street gang, a criminal organization whose members and associates engaged in acts of violence, including but not limited to acts involving murder, assault, and the illegal trafficking of controlled substances, and which operated in and around the North Side of Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere.

2. The Milwaukee Kings, including its leadership, membership, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce.

3. The Milwaukee Kings enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

4. The defendants, GARY ROBERSON, also known as "Gotti," and JOSEPH MATOS, also known as "Troubles," and others known and unknown, were leaders, members, and associates of the Milwaukee Kings enterprise who carried out and directed other members of the Milwaukee Kings enterprise in carrying out unlawful and other activities in furtherance of the conduct of the Milwaukee Kings enterprise's affairs.

5. The purposes of the Milwaukee Kings enterprise included, but were not limited to, the following:

a. Acquiring, preserving, and protecting power, territory, operations, and proceeds for the enterprise through the use of threats, intimidation, and violence, including, but not limited to, murder and other acts of violence, and the illegal trafficking of controlled substances;

b. Promoting and enhancing the enterprise and its members' and associates' activities;

c. Increasing the status of the enterprise through the use of social media platforms;

d. Keeping victims, rival gang members, and witnesses in fear of the enterprise and its leaders, members, and associates through acts and threats of

violence, including acts of violence inside rival gang areas and any areas rival gang members are perceived to be; and

e. Taking steps designed to prevent law enforcement's detection of the enterprise's criminal activities.

6. The means and methods by which the leaders, members, and associates of the Milwaukee Kings enterprise conducted and participated in the affairs of the enterprise included, but were not limited to, the following:

a. Using intimidation, threats of violence, and violence to preserve, expand, and protect the gang's territory and activities, such as the illegal trafficking of controlled substances;

b. Acquiring and possessing firearms to protect the gang's leaders, members, and associates, and to attack or retaliate against victims, rival gang members, and witnesses;

c. Attending gang meetings, abiding by gang rules, and paying dues to the gang;

d. Using social media to communicate with other gang members and to promote the gang and its activities, such as the illegal trafficking of controlled substances;

e. Distributing and agreeing to distribute controlled substances on behalf of the gang;

f. Hindering and obstructing law enforcement from identifying, apprehending, and successfully prosecuting fellow gang members; and

g. Aiding fellow gang members who were incarcerated in prison.

7. At times relevant to this Indictment, the Milwaukee Kings, through its leadership, membership, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

a. Acts involving murder, in violation of the laws of the State of Illinois; and

b. Offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

8. On or about July 3, 2021, at Chicago, in the Northern District of Illinois, Eastern Division,

GARY ROBERSON, also known as "Gotti," and
JOSEPH MATOS, also known as "Troubles,"

defendants herein, for the purpose of maintaining and increasing position in the Milwaukee Kings, an enterprise engaged in racketeering activity, did knowingly and intentionally commit the murder of an individual, namely Chrys Carvajal, in violation of the laws of the State of Illinois, Chapter 720, Illinois Compiled Statutes, Section 5/9-1(a)(1);

In violation of Title 18, United States Code, Section 1959(a)(1).

## COUNT TWO

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

On or about July 3, 2021, at Chicago, in the Northern District of Illinois, Eastern Division,

GARY ROBERSON, also known as "Gotti," and
JOSEPH MATOS, also known as "Troubles,"

defendants herein, knowingly used, carried, brandished, and discharged a firearm, during and in relation to a crime of violence for which defendants may be prosecuted in a court of the United States, namely the murder in aid of racketeering of Chrys Carvajal, in violation of Title 18, United States Code, Section 1959(a)(1), as charged in Count One of this Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

On or about July 3, 2021, at Chicago, in the Northern District of Illinois, Eastern Division,

GARY ROBERSON, also known as "Gotti," and
JOSEPH MATOS, also known as "Troubles,"

defendants herein, knowingly used, carried, brandished, and discharged a firearm, during and in relation to a crime of violence for which defendants may be prosecuted in a court of the United States, namely the murder in aid of racketeering of Chrys Carvajal, in violation of Title 18, United States Code, Section 1959(a)(1), as charged in Count One of this Indictment; and in the course of committing such offense, in violation of Title 18, United States Code, Section 924(c), defendants herein did cause the death of Chrys Carvajal through the use of such firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a);

In violation of Title 18, United States Code, Section 924(j)(1).

## NOTICE OF SPECIAL FINDINGS

1. The allegations set forth in Count One are incorporated here.

2. The defendants GARY ROBERSON and JOSEPH MATOS:

a. Were eighteen years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

b. Intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A);

c. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

e. At the time of the offense, had previously been convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm, as defined in 18 U.S.C. § 921, against another person (Title 18, United States Code, Section 3592(c)(2)); and

f. Committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

A TRUE BILL:

____________________________
FOREPERSON

__________________________________________
ACTING UNITED STATES ATTORNEY